***********
The Full Commission has reviewed the Deputy Commissioner's Opinion and Award based on the record of the proceedings before the Deputy Commissioner. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, and having reviewed the competent evidence of record, the Full Commission hereby affirms the Opinion and Award with minor modifications.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties at the hearing and after the hearing as
 STIPULATIONS
1. At the time of the alleged injury by accident, the parties were subject to and bound by the provisions of the North Carolina Workers Compensation Act, the employer-employee relationship existed between the plaintiff, and defendant-employer. Hewitt, Coleman Associates was the servicing agent on the risk and plaintiff alleges that she sustained a compensable injury on or about July 19, 1995. (**See amendment to Pre-trial Agreement, per July 17, 2002 letter, wherein defendant stipulated as follows: "defendants stipulate that plaintiff sustained an on the job injury by accident on July 19, 1995, but defendants deny that plaintiff's post August, 1995 complaints were caused by or related to that on the job injury."**)
2. The average weekly wage will be determined upon receipt and consideration of payroll and personnel records submitted at the deputy commissioner hearing of this matter as well as the testimony at the hearing.
3. The parties stipulated into evidence as Stipulated Exhibit #1, the Pre-Trial Agreement, as amended.
4. The parties stipulated into evidence as Stipulated Exhibit #2, Industrial Commission Form 18, dated April 26, 1996, Form 19, dated July 20, 1995, Form 33, dated June 23, 2000, and Form 33R, dated July 25, 2000.
5. The parties stipulated into evidence as Stipulated Exhibit #3, plaintiff's payroll records.
6. The parties stipulated into evidence as Stipulated Exhibit #4, Plaintiff's Responses to Defendant's Interrogatories.
7. The parties stipulated into evidence as Stipulated Exhibit #5, all of plaintiff's medical records.
8. The parties stipulated into evidence as Stipulated Exhibit #6, subsequent to the hearing, plaintiff's personnel records.
 RULINGS ON EVIDENTIARY MATTERS
The objections contained in Deposition of Dr. Armstrong and Dr. Hartman are ruled upon in accordance with the applicable rule of law and the Opinion and Award in this case.
 ***********
Based upon the greater weight of the competent and credible evidence of record in this matter, the Full Commission makes the following
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing, plaintiff was a 51 year-old female with a High School education. Plaintiff had also completed a course in cosmetology and had earned her A.A. degree in nursing in 2001.
2. On July 19, 1995, plaintiff was working for defendant-employer as an accounting clerk. On July 19, 1995, plaintiff injured her lower back when she bent-over, in an awkward position, to pick-up a box of papers. This box of papers was located in a closet area. This closet area made for tight quarters, and made it difficult for plaintiff to bend over and pick-up the papers.
3. On July 19, 1995, plaintiff sustained an on the job injury by accident.
4. Plaintiff treated with chiropractor, Dr. Ray Armstrong, following her July 1995 injury. Plaintiff reported a history of an injury at work that resulted in back pain. Dr. Armstrong examined plaintiff, and his examinations and x-rays did not reveal any fractures, dislocations or bony disease. Plaintiff did not complain of any leg or foot pain or any radicular symptoms to Dr. Armstrong at anytime during his treatment of her. Dr. Armstrong diagnosed plaintiff with a mild strain and released her to return to work with no restrictions on August 11, 1995.
5. Plaintiff continued to work her normal job after Dr. Armstrong released her to return to work on August 11, 1995 until November 16, 1995. On November 16, 1995, defendant-employer terminated plaintiff for reasons unrelated to her July 19, 1995 compensable injury. Plaintiff was terminated by defendant-employer for poor job performance.
6. Plaintiff was not under any work restrictions at the time of her termination, and she had not sought medical treatment during the three months prior to her termination. Following plaintiff's termination by defendant-employer she did not contact anyone at either defendant-employer or Hewitt, Coleman Associates regarding the possibility of returning to a physician for additional medical treatment.
7. Plaintiff did not seek or receive any additional medical treatment after August 11, 1995 until she saw Dr. John A. Welshofer at Miller Orthopaedic Clinic on March 26, 1996. Dr. Welshofer referred plaintiff to Dr. Mark Hartman. On April 4, 1996, Dr. Hartman performed surgery on plaintiff, which consisted of a bilateral laminotomy and diskectomy at L4-5. On September 16, 1996, Dr. Hartman determined that plaintiff reached maximum medical improvement, and he assigned her an 8% permanent partial impairment rating to the back.
8. Plaintiff received unemployment benefits following her termination with defendant-employer. Plaintiff eventually returned to work in November of 1996 with North Carolina Propane, working forty hours per week for approximately three months. Plaintiff then began working as a part-time switchboard operator at the Hamlet Hospital. Hamlet Hospital later became Sandhills Regional Medical Center. Plaintiff continued to work her switchboard job for approximately three years, while she attended nursing school at Richmond County Community College. Plaintiff earned her nursing degree and is now a registered nurse. In June 2001, plaintiff began working full-time as a staff nurse for Richmond County Hospice.
9. In Dr. Armstrong's opinion, plaintiff's acute low back pain episode was over by August 11, 1995, when he released her to return to work without restrictions. According to Dr. Armstrong, plaintiff did not have any signs of neurological compromise, or leg or foot pain, or any sign of radiculopathy during the time that he saw her. According to Dr. Armstrong, during the time he treated plaintiff, he had no indication of any kind to lead him to believe that plaintiff had a herniated disk. In Dr. Armstrong's opinion, he did not believe that plaintiff's incident on July 19, 1995 would have been enough to herniate a disk. The last time Dr. Armstrong saw plaintiff was on August 11, 1995.
10. According to Dr. Hartman, he could not state that plaintiff' back problems that she had in March, 1996 were caused or aggravated by her July 19, 1995 back injury, unless he had some evidence of persistent leg pain between those two dates. According to Dr. Hartman, he did not have any evidence of that. In Dr. Hartman's opinion, he could not relate plaintiff's cheek and back pain from her July 19, 1995 injury to her subsequent radiculopathy pain symptoms in her leg and foot.
11. Based on the greater weight of the competent evidence, the Full Commission finds that plaintiff has failed to establish that her herniated disk, and resulting disability experienced in March 1996, was related to her compensable July 19, 1995 injury.
12. Plaintiff is entitled to have defendant pay for the medical treatment she received from Dr. Armstrong from July 19, 1995 until August 11, 1995.
13. Plaintiff failed to show by competent medical authority and/or by the greater weight of the evidence that she had any periods of disability, following the date of her termination by defendant-employer on November 16, 1995, which were related to her July 19, 1995 compensable back injury.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident or specific traumatic incident on July 19, 1995, while working for defendant-employer. N.C.G.S. § 97-2(6).
2. Plaintiff is entitled to have defendant pay for the medical treatment she received from Dr. Armstrong from July 19, 1995 until August 11, 1995. N.C.G.S. §§ 97-2(19), 97-25.
3. Plaintiff failed to show by competent medical authority and/or by the greater weight of the evidence that she had any periods of disability, following the date of her termination by defendant-employer on November 16, 1995, which were related to her July 19, 1995 compensable back injury. N.C.G.S. §§ 97-29, 97-30.
4. Plaintiff failed to show by competent medical authority and/or by the greater weight of the evidence any causal relationship between her July 19, 1995 compensable back injury and her herniated disk discovered on March 26, 1996, which resulted in her surgery on April 4, 1996. N.C.G.S. § 97-2(6).
 ***********
Based upon the foregoing findings of Fact and conclusions of law, the Full Commission enters the following
 AWARD
1. Defendant shall pay for Dr. Armstrong's treatment of plaintiff from July 19, 1995 until August 11, 1995.
2. Plaintiff's claim is hereby otherwise DENIED.
3. Each side shall bear its own cost.
 S/_______________ RENEE C. RIGGSBEE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER